### TIMONEY v. BUCK.

#### (Circuit Court of Appeals, Second Circuit. January 7, 1898.)

#### No. 34.

1. PATENTS—VALIDITY AND CONSTRUCTION—BRICK-MOLD SANDING MACHINE.
   The Buck patent, No. 499,206, for improvements in brick-mold sanding machines, was not anticipated by a prior patent to the same inventor, and its first claim discloses patentable novelty. 78 Fed. 487, affirmed.

2. SAME—AGREEMENT TO ASSIGN.
   An agreement to assign future patents in consideration of the assignee's paying the expense of taking them out, is abandoned, as to a particular patent subsequently allowed, by his refusal, after investigation, to pay such expenses on the ground that the patent will be worthless; and after a subsequent assignment of the patent to another he is estopped from claiming any interest therein. 78 Fed. 487, affirmed.

Appeal from the Circuit Court of the United States for the Southern District of New York.

This was a suit in equity by Frances C. Buck against Frank Timoney for alleged infringement of patent No. 499,206, granted June 13, 1893, to James A. Buck, for improvements in brick-mold sanding machines. The circuit court, after a hearing on the merits, entered a decree for complainant for an injunction and an accounting on the first claim of the patent. See 78 Fed. 487, where a full statement of the facts will be found in the opinion of the circuit court. The defendant has appealed.

Walter E. Ward, for appellant.

Geo. A. Mosher, for appellee.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

PER CURIAM. We agree with the court below that the patent in suit is not anticipated by the patent to Buck, that the combination of the first claim is not destitute of patentable novelty, and that the claim is infringed by the defendant's machine. These issues are fully discussed in the opinion of Judge Coxe, who decided the case in the circuit court, and it seems unnecessary to add anything to the views expressed by him.

The defense founded upon the equitable title of the Newtons to the patent is without merit. It rests upon an agreement between

them and Buck, inartificially drawn, made between them when several applications were pending in the patent office for patents upon Buck's inventions, including one for the patent in suit. The agreement contained this clause: "All patents owned or that may be obtained in the future to be jointly owned by them [the Newtons] and Buck jointly. Said A. H. Newton Bros. to pay all the expenses of obtaining the same." It is obvious from the subsequent action of the parties that they understood this agreement to mean that the expenses of obtaining the patents should be advanced by the Newtons from time to time as they were needed during the pendency of the applications. When Buck called upon the Newtons to advance the expenses accruing upon the application of the patent in suit, they declined to do so without further investigation into the probable value of the patent. Thereupon they did investigate, and came to the conclusion that the patent would be worthless, and so informed Buck, telling him that they would have nothing to do with obtaining it. Thereafter Buck proceeded alone, and the patent was granted to him. The Newtons paid no part of the expenses, never offered to do so, and, so far as appears, never claimed to have any interest in the patent until the present suit was brought. What took place was, in effect, an abandonment of the agreement so far as it related to the patent in suit. Having led Buck to assume that they did not intend to participate with him, and were content that he should proceed as though alone interested, and Buck having acted in reliance upon that understanding, the Newtons are estopped from claiming any interest in the patent. The decree is affirmed, with costs.